UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **ERNESTINA PEREZ-SUAREZ,** § § § *Petitioner*, § v. § § **KRISTI NOEM,** Secretary of the U.S. § Department of Homeland Security; **MARY** § **DE ANDA YBARRA,** Field Operations § Director of the El Paso Field Office of U.S. § Immigration and Customs Enforcement; § **TODD LYONS,** Acting Director of U.S. § Immigration and Customs Enforcement; and § **PAMELA BONDI,** Attorney General of the § United States, § *Respondents*. § | **EP-25-CV-00680-DCG** |

## ORDER FOR EVIDENTIARY HEARING

Petitioner Ernestina Perez-Suarez ("Petitioner") challenges her immigration detention under 28 U.S.C. § 2241. Before the Court are Petitioner's Motions for an Emergency Hearing (ECF Nos. 9, 10).

### I. Discussion

On January 21, 2026, Petitioner filed her first request for a hearing, stating that she has been detained without a bond hearing since October 17, 2025.[1] The motion acknowledged that "the matter is fully briefed and ripe for adjudication" and did not specify the purpose of the requested hearing.[2]

---

[1] *See* First Mot. Hearing, ECF No. 9, at 1.

[2] *Id.*

On January 23, 2026, Petitioner filed a second request for "an expedited hearing, or immediate habeas relief, including an order requiring Respondents to provide a bond hearing forthwith."[3] Through counsel, Petitioner explained that she "suffers from serious and potentially fatal medical conditions, including Coronary Artery Disease, and underwent cardiac catheterization on or about November 28, 2025."[4] The motion further alleges that "immigration detention personnel have failed to provide medically necessary prescribed medications" and "have not complied with treating physicians' orders, nor ensured continuity of critical cardiac care."[5] Petitioner states that her "health is rapidly deteriorating" as a result of her confinement and asks the Court to "expeditiously" set a hearing or grant immediate habeas relief.[6]

The Court recognizes that "the matter is fully briefed and ripe for adjudication" and advises the parties that it is actively considering the merits of the "Petition for Writ of Habeas Corpus" (ECF No. 1). While the Court sincerely appreciates counsel's zealous advocacy for Petitioner and concern for her well-being, this Petition is one of many immigration habeas corpus petitions that have been assigned to the undersigned Judge in the last several days—all of which present critical questions regarding the petitioners' well-being and liberty.

The Court has therefore been prioritizing petitions that have been pending for longer absent extraordinary circumstances (like a critical medical condition).[7] Although Petitioner

---

[3] *See* Second Mot. Hearing, ECF No. 10, at 3.

[4] *Id.* at 1.

[5] *Id.* at 1–2.

[6] *Id.* at 2.

[7] The following immigration habeas cases have been pending before the undersigned Judge for longer than the instant case:

asserts that there is a medical condition that constitutes an extraordinary circumstance, "Petitioner's medical records are extensive and are in the process of being redacted for submission to the Court."[8] As such, Petitioner has not yet presented evidence to substantiate the foregoing allegations.

## II. Conclusion

For the foregoing reasons, the Court **ORDERS** attorneys for Petitioner and Respondents to **APPEAR** for an **IN-PERSON HEARING**. The hearing will take place on **Thursday, January 29, 2026** at **10:00 A.M. Mountain Time** in **Courtroom Number 322**, on the Third Floor of the **United States Courthouse, 525 Magoffin Avenue, El Paso, Texas**.

The Court therefore **GRANTS IN PART** "Petitioner's Motion for Hearing" (ECF No. 9) **AND** "Petitioner's Emergency Motion for Hearing or, In the Alternative, for Grant of Habeas Relief" (ECF No. 10) to the extent Petitioner seeks an evidentiary hearing.

---

*Sambissa v. Noem*, No. 3:25-cv-00237 (W.D. Tex. filed June 27, 2025); *Zamudio Sanchez v. Noem*, 3:25-cv-00403 (W.D. Tex. filed Sept. 22, 2025); *Rocha de Faria v. De Anda-Ybarra*, No. 3:25-cv-00464 (W.D. Tex. filed Oct. 10, 2025); *Pablo Pablo v. Lyons*, No. 3:25-cv-00566 (W.D. Tex. filed Nov, 18, 2025); *Khoury v. Garite*, No. 3:25-cv-00577 (W.D. Tex. filed Nov. 21, 2025); *Goliakov v. Noem*, No. 3:25-cv-00613 (W.D. Tex. filed Dec. 3, 2025); *Zhao v. Warden*, No. 3:25-cv-00635 (W.D. Tex. filed Dec. 9, 2025); *Machuca-Mejia v. Ybarra*, No. 3:25-cv-00641 (W.D. Tex. filed Dec. 10, 2025); *Melendez Rivera v. Bondi*, No. 3:25-cv-00646 (W.D. Tex. Dec. 11, 2025); *Martinez Santos v. Noem*, No. 3:25-cv-00655 (W.D. Tex. Filed Dec. 11, 2025); *Gomes v. Grant*, No. 3:25-cv-00663 (W.D. Tex. filed Dec. 12, 2025); *Fernandez Sira v. Noem*, No. 3:25-cv-00666 (W.D. Tex. filed Dec. 15, 2025); *Carvajal Marin v. Mayorkas*, No. 3:25-cv-00672 (W.D. Tex. filed Dec. 15, 2025).

Subject of course to overriding interests (such as medical need), fairness considerations favor resolving older petitions before newer ones.

[8] *Id.* at 2 n.1.

The Court further **ORDERS** Respondents to produce Petitioner Ernestina Perez-Suarez at the hearing.[9] If an interpreter is required, Petitioner's counsel must inform the Court as soon as possible.

The Court further **ORDERS** Respondents to prepare the following evidence for presentation at the hearing:

(1)   *all* of Petitioner's medication orders;

(2)   *all* medication records pertaining to Petitioner in the Government's possession;

(3)   a nurse or doctor who can interpret the medication orders and records *and* testify to Petitioner's condition and medical care in immigration custody.

Absent extraordinary circumstances, the Court will **NOT** consider requests to hold the hearing *via* videoconference.

Although the Court **MAY** consider requests to move the hearing to a different date to accommodate the participants' respective schedules, the Court will **NOT** consider any such request filed after **January 27, 2026** except in extraordinary and unforeseeable circumstances.

**So ORDERED and SIGNED this 23rd day of January 2026.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

[9] *See* 28 U.S.C. § 2243 ("Unless the application for the writ and the return present only issues of law the person to whom the writ is directed shall be required to produce at the hearing the body of the person detained.").