**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ERNESTINA PEREZ-SUAREZ,** | § § § | |
| *Petitioner*, | § § | |
| v. | § § | |
| **MARKWAYNE MULLIN,** Secretary of the U.S. Department of Homeland Security; **MARY DE ANDA YBARRA,** Field Operations Director of the El Paso Field Office of U.S. Immigration and Customs Enforcement; **TODD LYONS,** Acting Director of U.S. Immigration and Customs Enforcement; and **PAMELA BONDI,** Attorney General of the United States, | § § § § § § § § § § § | **EP-25-CV-00680-DCG** |
| *Respondents*. | § § § | |

## ORDER FOR PARTIES TO NOTIFY COURT IF GOVERNMENT ORDERS PETITIONER REMOVED

Ernestina Perez-Suarez ("Petitioner") challenges her detention under 28 U.S.C. § 2241.[1] The docket presently indicates that the Government has not issued an order of removal against Petitioner.[2] The Court recognizes, however, that the Government might have issued an order of removal against Petitioner after the parties completed their briefing on the Petition. If so, a different analytical framework may apply.[3] The Court thus depends on the parties to promptly

---

[1] *See generally* Pet., ECF No. 1.

[2] *Compare, e.g.*, *id.* at 19 (stating that Petitioner is only "alleged to be removable") *with* Resp., ECF No. 7, at 2 (stating that Petitioner remains in "removal proceedings").

[3] *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

file a notice if the Government enters an order of removal against Petitioner. Otherwise, the

Court will evaluate the Petition under the assumption that no such order exists.

If any party becomes aware that (1) the Government has issued an order of removal

against Petitioner; and/or (2) that order of removal has become final,[4] that party **SHALL**

**INFORM** the Court **AS SOON AS POSSIBLE**.

Finally, now that Markwayne Mullin has succeeded Kristi Noem as the Secretary of the

Department of Homeland Security, the Court **DIRECTS** the Clerk of Court to **SUBSTITUTE**

Secretary Mullin in Former Secretary Noem's place as a Respondent in the above-captioned

case.[5]

**So ORDERED and SIGNED this 30th day of March 2026.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

[4] _See_ 8 C.F.R. § 1241.1 (explaining how "[a]n order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final").

[5] _Compare_ Pet. at 6 ("Secretary Noem . . . is sued in her official capacity."), _with_ FED. R. CIV. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name . . . . The court may order substitution at any time . . . .").